**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| GARY C. YOUNG, | : | Case No. 23-1-5844-LSS |
| | : | Chapter 13 |
| Debtor. | : | |
| | : | |

**TRUSTEE'S OBJECTION TO DEBTOR'S**
**CHAPTER 13 PLAN DATED AUGUST 18, 2023**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan dated August 18, 2023 (the "Plan").  In support of his opposition, the Trustee respectfully represents the following:

1.      The Debtor commenced this case under Chapter 13 on August 18, 2023.  The Plan proposes to pay the total sum of $100.00 monthly for months 1 through 12, and the total sum of $600.00 monthly for months 13 through 60, for a gross funding of $30,000.00.

2.      The Debtor has failed to provide documentation supporting income for Workers' Compensation as requested by the Trustee at the meeting of creditors.  Accordingly, the Trustee cannot determine whether the Plan is feasible.  The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code.  At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

3.      The Plan proposes to cure the pre-petition mortgage arrearage owed to PHH Mortgage Corporation.  PHH Mortgage Corporation filed a proof of claim asserting pre-petition mortgage arrears of $27,019.94.  The Plan does not provide sufficient funding to cure the arrearage.

The Plan is underfunded and does not satisfy the requirements of sections 1325(a)(1) and (5), and 1322(b)(5) of the Bankruptcy Code.

4.      The Debtor has not adequately proved ownership and the market value of scheduled real property.  The Plan does not satisfy the requirements of section 1325(a)(4) of the Bankruptcy Code.

5.      The Debtor has not provided and/or filed all applicable federal, state, and local tax returns as required by section 1308.  Accordingly, the Debtor has not satisfied the requirements of section 1325(a)(9) of the Bankruptcy Code.

6.      The Debtor's Schedule J reflects insufficient net monthly income to support the proposed Plan payments.  The Debtor has not demonstrated that the Plan is feasible.  The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code.

7.      The Plan must be amended to add Domestic Support Obligation arrears.

8.      Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING*.  AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS.  THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING.   THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

Respectfully submitted,


October 23, 2023                                    /s/ Timothy P. Branigan
                                                   Timothy P. Branigan (Fed. Bar No. 06295)
                                                   Chapter 13 Trustee
                                                   9891 Broken Land Parkway, #301
                                                   Columbia, Maryland 21046

- 3 -

(410) 290-9120

## Certificate of Service

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

Terri Ann Lowery, Esq.

I caused a copy of the pleading above to be sent on October 23, 2023 by first-class U.S. mail, postage prepaid to:

Gary Charles Young
PO Box 205
Friendsville, MD 21531

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)